Filed 12/2/25  P. v. Lucia CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EMMANUEL SANTA LUCIA,<br><br>        Defendant and Appellant. | A169211<br><br>(San Francisco City and County<br>Super. Ct. No. CT 1219720) |

**MEMORANDUM OPINION**[1]

Emmanuel Santa Lucia, who is currently serving a lengthy prison sentence for a murder he committed as a 25-year-old in 1990, appeals from his recent resentencing under Penal Code section 1172.75.[2]  To this end, he makes four claims: (1) that the superior court abused its discretion in allegedly failing to consider Santa Lucia's childhood trauma and youth at the time of the offense; (2) that this alleged failure violated Santa Lucia's due process rights under *Apprendi v. New Jersey* (2000) 530 U.S. 466; (3) that the superior court abused its discretion and violated the Eighth Amendment to

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All statutory references are to the Penal Code.

the federal constitution by purportedly "[d]eferring to the [p]arole [p]rocess"; and (4) that the minute order and abstract of judgment include clerical errors that should be corrected. For the reasons given below, we reject Santa Lucia's first three contentions but agree with his last. Accordingly, we will affirm the judgment as orally pronounced and direct the superior court to correct the clerical errors.

At Santa Lucia's resentencing hearing, the trial court struck a one-year enhancement for a prior conviction (§ 667.5, subd. (b)) under section 1172.75. Then the court struck two firearm enhancements (§ 12022.5, subd. (a)) attached respectively to Count 1 (second degree murder, § 187) and Count 2 (assault with a firearm, § 245, subd. (a)(2)). For Count 1, Santa Lucia's sentence remained 15 years to life. For Count 2, he received a two-year concurrent sentence—the low term under section 245, subdivision (a)(2). And for Count 3 (unlawful firearm possession, § 12021), the court sentenced Santa Lucia to two years concurrent, but stayed the imposition of that sentence under section 654.

Where, as here, section "1172.75 applies, it requires full resentencing, not simply striking the now-invalidated priors." (*People v. Rhodius* (2025) 17 Cal. 5th 1050, 1067, fn. 3.) This entails applying "the sentencing rules of the Judicial Council and . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Under the resentencing procedures set forth in section 1172.1, subdivision (a)(5), the superior court is required to "consider if the defendant has experienced . . . childhood trauma," or was younger than 26 years old "at the time of the commission of the offense."

Santa Lucia argues the superior court abused its discretion in "its failure to consider the newly relevant significance of youth at the time of the offense, as well as the factors of severe childhood trauma." (Boldface and capitalization omitted.) But " 'it is the appellant's burden to affirmatively demonstrate error' " (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549) and Santa Lucia has not adduced the failures he alleges. The court was duly informed of Santa Lucia's childhood trauma and age at the time of the offense because Santa Lucia argued those issues in his section 1172.75 petition, and after thanking the parties at the resentencing hearing "for providing . . . all the information . . . and all of the briefing," the court noted that it had "considered all of it."[3] "In this circumstance, we apply the general rule 'that a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

Santa Lucia also contends the superior court's alleged failure to reconsider the factors of youth and childhood trauma as affecting the *mens rea* element of murder violates the constitutional requirement of due process under *Apprendi v. New Jersey*, *supra*, 530 U.S. at p. 490, which held that "any fact," other than the fact of a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." According to Santa Lucia, it "is reasonably probable that, had the trial court been informed of the evidence" of Santa Lucia's youth and childhood trauma, "and their significance at the time of trial, it would have *granted* [Santa Lucia's]

---

[3] Consequently, Santa Lucia's reliance on *People v. Pittman* (2023) 96 Cal.App.5th 400, is misplaced. In *Pittman*, the appellant had not raised "the issue in the trial court." (*Id.* at p. 416.) By contrast, Santa Lucia not only raised the relevant issues in the briefs supporting his petition; his counsel also cited *Pittman* at the resentencing hearing.

3

request to instruct on voluntary manslaughter" under an imperfect self-defense theory. Under the logic of *Apprendi*, then, "to secure the murder conviction against Santa Lucia, the prosecution would have been obliged to prove beyond a

reasonable doubt the absence of imperfect self-defense as an element of the crime of murder." In turn, if the jury had been so instructed, "it is reasonably probable that" it "would have delivered a verdict of voluntary manslaughter rather than second degree murder."

There are at least two independent problems with this argument. First, as we have already observed, Santa Lucia has not shown that there *was* any failure on the part of the superior court to consider the factors of youth and childhood trauma. Second, even if the superior court had erroneously failed to consider those factors in exercising its discretion, no *constitutional error* could be established by Santa Lucia's highly attenuated argument, which imagines a counterfactual trial in which his request for a certain jury instruction was granted, the prosecution faced a more demanding burden of proof in turn as a result, and the jury returned a different verdict as a third-order effect. Presumably, this is why Santa Lucia has not cited any case where such an analysis grounded an appellate court's conclusion that a resentencing petitioner's due process rights had been violated. Under the circumstances, we decline any invitation to innovate in this respect.

Next, Santa Lucia contends the trial court abused its discretion and violated the Eighth Amendment "by deferring to the parole process." (Boldface and capitalization omitted.) We disagree because no such deferral occurred. It is true that the trial court noted Santa Lucia "was going in front of the parole board," albeit "on an irregular basis." It is also true that this

4

comment followed the court's observation that Santa Lucia had "made strides," and its reference to "different avenues . . . to pursue in terms of getting resentenced." But both remarks followed the court's conclusion that Santa Lucia's new sentence "accurately reflects the facts of the offender, Mr. Santa Lucia, and the offense both presently and at the time of the offense." This averment belies any suggestion that the court exercised its discretion differently than it would have if Santa Lucia were not going to appear before the parole board. In short, this claim is a tendentious misreading of the superior court's statements.

Finally, there is the clerical error concerning Count 2 (§ 245, subd. (a)(2) [assault with a firearm]). Although the superior court initially purported to sentence Santa Lucia to "the *midterm* of two years in state prison concurrent with . . . Count 1 [second degree murder]," the court subsequently amended that statement, saying "I'm giving him the *low term* of two years." (Italics added.) Because "the oral pronouncement controls" whenever it differs from the minute order or the abstract of judgment (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385), the "midterm" designations in the latter documents are erroneous.

## DISPOSITION

The judgment is affirmed. However, the superior court is directed to prepare a corrected minute order and to prepare and forward to the Department of Corrections and Rehabilitation a corrected abstract of judgment showing that the concurrently running two-year sentence for Count 2—assault with a firearm under section 245, subdivision (a)(2)—is a *low term* sentence.

_____

Smiley, J.

WE CONCUR:

_____

Humes, P. J.

_____

Langhorne Wilson, J.

*People v. Santa Lucia*  A169211

6